IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LINDA MATHIS, on behalf of herself and all others similarly situated, § § § | |
| Plaintiff, § § | Case No. 6:23-cv-234 |
| v. § § | |
| SKILL ZONE USA, LLC AND PREDMONANT SKILLZ, LLC § § | |
| Defendants. | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Linda Mathis ("Mathis") on behalf of herself ad all others similarly situated, brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, she respectfully shows as follows:

## I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Mathis and all others similarly situated (the "Putative Class") in accordance with the guarantees and protections of the FLSA.

3. Defendants have failed to pay Mathis and the Putative Class at time-and-one-half their regular rate of pay for all hours worked in excess of forty hours within a workweek, although Defendants had full knowledge that Mathis and the Putative Class consistently worked over forty hours per week.

## II. PARTIES

4. Linda Mathis is an individual residing in Van Zandt County. Her consent is attached hereto as Exhibit A.

5. Skill Zone USA, LLC is a Texas limited liability company that employed Mathis and the Putative Class.

6. Skill Zone USA, LLC's registered agent for service of process is Skill Game USA, LLC, who may be served at 108 Chinquapin Hallsville, Texas 75650.

7. At all times relevant to this claim, Skill Zone USA, LLC was an employer of Mathis and the Putative Class as defined by 29 U.S.C. §203(d).

8. Predominant Skillz, LLC is a Texas limited liability company that employed Mathis and the Putative Class.

9. Predominant Skillz, LLC's registered agent for service of process is Michael Hester, who may be served at 1005 West Cotton Street, Longview Texas 75604.

10. At all times relevant to this claim, Predominant Skillz, LLC was an employer of Mathis and the Putative Class as defined by 29 U.S.C. §203(d).

## III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

12. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Gregg and Van Zandt Counties, Texas, which are in this District and Division. Mathis and the Putative Class were employees of Defendants, and performed work for Defendants in and around Gregg County and Van Zandt Counties, Texas. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

13. At all relevant times, Defendants have acted in the interest of an employer with respect to Mathis and the Putative Class.

14. At all relevant times, Defendants have each been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, Defendants have each been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant Skill Zone USA, LLC and Predominant Skillz LLC are each an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that each such enterprise has had and

has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all relevant times, Mathis and the Putative Class were individual "employee[s]" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

18. As a customer service representatives/counter help for for Defendants, Mathis and the Putative Class handled items such as telephones, computers, and assorted electronic equipment as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

19. Defendants operate a number of game rooms in the East Texas area.

20. Mathis and the Putative Class worked for Defendants as counter help/customer service representatives.

21. At all times during their employment with Defendants, Mathis and the Putative Class were paid on an hourly basis.

22. During all times relevant to this action, Mathis and the Putative Class were non-exempt employees.

23. Mathis and the Putative Class routinely worked long hours and consistently worked more than forty hours per week.

24. In fact, Mathis and the Putative Class averaged above 50 hours per week.

25. However, Defendants only paid Mathis and the Putative Class straight time for all hours worked, whether above or below forty hours per workweek.

26. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Mathis and the Putative Class.

## VI. COLLECTIVE ACTION ALLEGATIONS

27. Other hourly employees have been victimized by the pattern, practice, and policy of Defendants that is in violation of the FLSA. Mathis is aware that the illegal practices and policies of Defendants have been imposed on other employees.

28. Mathis brings her claim for relief on behalf of all formerly hourly employees who were not paid overtime premiums for any hours worked over forty per workweek at any time three years prior to the filing of this lawsuit.

29. Defendants paid Mathis and the Putative Class on an hourly basis and suffered and permitted them to work more than forty hours per week. However, Defendants did not pay Mathis or the Putative Class overtime premiums for any hours worked over forty per week.

30. Though their job titles may vary, the members of the Putative Class were all subjected to Defendants' refusal to pay overtime premiums.

31. Mathis's experiences are typical of the experiences of other similarly situated employees.

32. Defendants' operations with respect to Mathis and the Putative Class and wages paid to Mathis and the Putative Class are substantially similar, if not identical.

33. Defendants' pattern of refusing to pay its hourly employees overtime premiums for all hours worked over forty per workweek resulted from Defendants' general application of policies and practices, and did not depend on the personal circumstances of Mathis and the Collective Class.

34. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

35. Mathis brings these claims for relief for violations of the FLSA pursuant to 29 U.S.C. § 216(b). Mathis brings these claims on her behalf and on behalf of those similarly situated who have not

been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

36. Accordingly, the "Putative Class Members" are properly defined as

    **All current and former hourly employees of Defendants in Texas who were not paid overtime premiums for any hours worked over forty per workweek.**

37. Mathis requests that Defendants identify all similarly situated prospective members of the Putative Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

38. Mathis seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Mathis's counsel as required by 29 U.S.C. § 216(b).

39. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

40. Mathis will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII. CAUSE OF ACTION

### FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

41. Mathis and the Putative Class incorporate all allegations contained in the foregoing paragraphs as though fully set forth herein.

42. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2) by employing Mathis and the Putative Class in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for

workweeks longer than 40 hours without compensating Mathis and the Putative Class for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendants have acted willfully in failing to pay Mathis and the Putative Class in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Mathis prays for judgment against Defendants Skill Zone USA, LLC and Predominant Skillz, LLC, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Mathis and the Putative Class and for liquidated damages equal in amount to the unpaid compensation found due to Mathis and the Putative Class;

b. For an Order awarding Mathis and the Putative Class the taxable costs and allowable expenses of this action;

c. For an Order awarding Mathis and the Putative Class attorneys' fees;

d. For an Order awarding Mathis and the Putative Class pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Mathis and the Putative Class declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.;

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 799-2048

By: <u>*/s/ Douglas B. Welmaker*</u>
    Douglas B. Welmaker
    Texas State Bar No. 00788641
    doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**